IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-109-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WILLIAM WESTLEY HUNT | ) | |

This cause comes before the Court following its imposition of sentence on June 5, 2013, at Raleigh, North Carolina. The Court imposed a downward variance sentence in this matter of five years' probation on counts one and two, to be served concurrently, and fifty hours of community service. The Court enters the following in support of its variance.

## BACKGROUND

Defendant was charged in a two-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count one) and possession of a silencer not registered with the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5842 and 5861(d) (count two). Defendant entered a plea of guilty to both counts on February 19, 2013.

## DISCUSSION

Pursuant to 18 U.S.C. § 3553(a), a sentencing court has a duty to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the [sentencing statute]." Once the defendant's Guidelines sentencing range has been established, the sentencing court must decide "whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence within statutory limits that does serve those factors." *United States v.*

*Tucker*, 473 F.3d 556, 560 (4th Cir. 2007) (quotation and citation omitted).[1] After permitting the parties to argue with regard to sentencing, the court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The court must then "make an individualized assessment based on the facts presented, [and if it] decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 50. The "method of deviation from the Guidelines range – whether by departure or by varying – is irrelevant so long as at least one rationale is justified and reasonable." *United States v. Diosdado-Star*, 630 F.3d 359, 365-66 (4th Cir. 2011).

At the sentencing hearing, the Court established defendant's total offense level to be twenty-one and his criminal history to be a category III, resulting in a Guidelines sentencing range of forty-six to fifty-seven months' imprisonment. The Court hereby finds the presentence report

---

[1]The factors set forth in § 3553(a) are:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense
    (B) to afford adequate deterrence to criminal conduct
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available
(4) the kinds of sentence and the sentencing range established for –
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
(5) any pertinent policy statement . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct
(7) the need to provide restitution to any victims of the offense.

credible and reliable and adopts the findings therein.

Having considered the presentence report, the arguments of counsel, and the factors enumerated in § 3553(a), the Court finds that a sentence within defendant's Guidelines range does not serve the factors set forth in § 3553(a). Specifically, the Court incorporates by reference the arguments made by defense counsel and the statements of defendant in support of a downward variance sentence of probation.

The Court finds defendant's Guidelines range to be grossly out of proportion to the conduct of defendant in committing the instant offenses. Defendant has demonstrated that the silencer he created, while it may have been technically operable, was of little value and that its ability to operate was tenuous at best. Additionally, while defendant, a prohibited person, was in possession of a firearm, there is no evidence to suggest that defendant used such firearm to further any criminal purpose. Defendant has demonstrated both his respect for the law and that he was not purposefully seeking to create a dangerous condition with the actions that gave rise to this indictment. Defendant has further demonstrated that he is a responsible member of society who has had steady employment and has not engaged in recurring criminal behavior; indeed, defendant's last felony conviction occurred over two decades ago.

After considering the nature and circumstances of the offense and the history and characteristics of defendant, the Court has determined that a probationary sentence is in this instance sufficient to adequately deter future criminal conduct. There is no need to protect the public from defendant as defendant resides in a remote area of the state and occupies his time with legal and lawful endeavors. Nor is defendant in any need of vocational training as he maintains steady self-employment. Defendant has sufficient support in the community to ensure that he

3

Case 4:12-cr-00109-BO   Document 40   Filed 06/12/13   Page 3 of 4

continues to engage in lawful activities, and a probationary sentence will permit defendant to not become a burden on society while also providing just punishment for the offenses. In essence, because this discretionary prosecution could have been avoided and because the Guidelines fail to accommodate for the unique facts in this case, the Court finds in its judgment and experience that a term of imprisonment in this matter would be disparate and unnecessarily harsh and that a probationary sentence is thus appropriate. Finally, the Court has considered that there are no victims in this matter and that no sentencing policy statements have been identified that would cause the Court to reevaluate or reconsider its findings.

Based on the above discussed individualized assessment of defendant and the nature of his crimes, the Court now holds that the extent of the deviation from defendant's forty-six to fifty-seven month Guidelines range is justified and that a sentence of five years of probation and fifty hours of community service as imposed is sufficient but not greater than necessary to serve the purposes of the sentencing statute. The Court further incorporates by reference its statement of reasons announced from the bench at the sentencing hearing. All other terms and conditions of defendant's sentence remain as pronounced at the hearing and reflected in the judgment.

SO ORDERED, this 7 day of June, 2013.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4